WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sergio Montijo-Valdez,

    Petitioner,

v.

Eric H. Holder, Jr., Att'y Gen.,

    Respondent.

No. CV-13-00125-PHX-JAT

**ORDER**

Pending before the Court is United States Attorney General Eric H. Holder, Jr.'s (the "Government's") Motion for Summary Judgment (the "Motion").[1] (Doc. 47). The Court now rules on the Motion.

## I. BACKGROUND

For purposes of the Court's resolution of the pending Motion, the Court considers the relevant facts and background, viewed in Petitioner's favor,[2] to be as follows.

Petitioner's father, Hector Castro Montijo, was born in Mexico on January 18, 1949. (The Government's Statement of Facts ("SOF"), Doc. 48 ¶ 3). Hector derived United States citizenship from his father, Petitioner's grandfather. (Petitioner's Additional Statement of Facts ("ASOF"), Doc. 52 at 10–11 ¶ 13). Petitioner's mother,

---

[1] Petitioner notes that the Motion exceeds seventeen pages in violation of Local Rule 7.2(e). (Doc. 51 at 1 n.1). Because striking the excess pages in the Motion would not affect the outcome of the Order, the Court declines to do so.

[2] In the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

1 Maria Elena Valdez de Montijo was also born in Mexico. (SOF ¶ 2). Hector attended grade school in Mexico until he was around 15 years old. (Petitioner's Response to the Government's Statement of Facts ("CSOF"), Doc. 52 ¶ 9). As early as 1965, Hector began traveling to and from the United States. (ASOF ¶ 1).

Beginning in either 1967 or 1968, Hector began working "in the fields" in the United States. (Doc. 52-2 at 6–7; ASOF ¶ 3). In 1968, Hector and Maria Elena began living together in Mexico. (SOF ¶ 15). While living with Maria Elena, Hector performed seasonal work in both Mexico and the United States. (SOF ¶ 16; CSOF ¶ 15; ASOF ¶ 5). Hector continued this seasonal work past the time Petitioner was born in 1979. (ASOF ¶ 4). Hector worked in the United States anywhere from two to eight months of each year. (ASOF ¶ 6).

On January 11, 1979, Petitioner was born in Guaymas, Sonora, Mexico. (SOF ¶ 31). When Petitioner was born, Hector was domiciled in Poblado Morelos, Mexico. (SOF ¶ 32). On December 1, 1983, the former Immigration and Naturalization Service ("INS") approved Hector's citizenship application and issued a Certificate of Citizenship to Hector. (SOF ¶ 35). The Certificate of Citizenship noted that Hector was a United States citizen at birth and that he resided in Empalme, Sonora, Mexico. (SOF ¶ 35).

On March 4, 1989, Petitioner immigrated to the United States as a lawful permanent resident. (SOF ¶ 43). On October 5, 2009, Petitioner's father, Hector, died. (SOF ¶ 45). On September 27, 2011, Petitioner was convicted of transporting illegal aliens for profit, a class A felony. (Doc. 15-5 at 2–3). Sometime thereafter, the Government initiated removal proceedings against Petitioner. (*See* Doc. 48-1 at 3–6).

On March 8, 2012, an immigration judge found that Petitioner did not establish any claim to derivative United States citizenship and found Petitioner to be removable. (*Id.* at 4). Petitioner appealed to the Board of Immigration Appeals ("BIA"). (*See id.* at 3–6). The BIA agreed with the immigration judge's determination that Petitioner did not establish any derivative citizenship claim through Hector and dismissed the appeal. (*Id.* at 4). Petitioner petitioned the Ninth Circuit Court of Appeals for review of the BIA's

1 decision. (*See* Doc. 15-1). The Ninth Circuit Court of Appeals found that "a genuine issue of material fact exist[ed] as to [P]etitioner's claim of United States citizenship" and transferred the case to this Court for a *de novo* review of Petitioner's citizenship claim. (*Id.* at 1).

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(A), (B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a

motion for summary judgment. *Id.* at 247–48. Further, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be left to the jury.") (internal citations omitted).

## III. ANALYSIS

Petitioner argues that the Court "should deny [the Government's] Motion . . . because genuine issues of material fact exist regarding [the Petitioner's] derivative citizenship claim." (Doc. 51 at 2). Petitioner alleges that his citizenship derives from his father, Hector. (*Id.*).

Under the burden-shifting framework for removal proceedings articulated by the Ninth Circuit Court of Appeals,

> [T]he [Government] bears the burden of establishing by clear, unequivocal, and convincing evidence, all facts supporting deportability. Evidence of foreign birth gives rise to a rebuttable presumption of alienage, shifting the burden to the alleged citizen to prove citizenship. Upon his production of substantial credible evidence in support of his citizenship claim, the presumption of alienage is rebutted. The [Government] then bears the ultimate burden of proving the [petitioner] removable by clear and convincing evidence.

*Mondaca-Vega v. Holder*, 718 F.3d 1075, 1081 (9th Cir. 2013) (quoting *Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009)). In a *de novo* hearing on citizenship, the petitioner seeking a "declaratory judgment finding that he is a United States citizen . . . has the burden of proving his citizenship by a preponderance of the evidence in order to prevail." *Graham v. Holder*, No. CV-12-00066-PHX-JAT, 2013 WL 5445525, at *1 (D. Ariz. Sept. 30, 2013) (citing 28 U.S.C. § 2201; *Sanchez-Martinez v. Immigration & Naturalization Serv.*, 714 F.2d 72, 74 n.1 (9th Cir. 1983); *Yee Tung Gay v. Rusk*, 290 F.2d 630, 631 (9th Cir. 1961)).

1  "There are 'two sources of citizenship, and two only: birth and naturalization[.]'" *Miller v. Albright*, 523 U.S. 420, 423 (1998) (quoting *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898)). Petitioner does not contend that he has been naturalized. Thus, to demonstrate that he is a United States citizen, Petitioner must establish by a preponderance of the evidence that he is a citizen by birth.

Petitioner can prove citizenship by birth by showing either that he was born in the United States, *Miller*, 523 U.S. at 424, or that he has derivative citizenship, *see* 8 U.S.C. § 1401(g). It is uncontested that Petitioner was born in Mexico. (Doc. 48-1 at 8–9). As a result, Petitioner can only prove citizenship through derivative citizenship. Derivative citizenship concerns a person born outside the United States to a citizen of the United States. "The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *Anderson v. Holder*, 673 F.3d 1089, 1097 (9th Cir. 2012) (quoting *Runnett v. Schultz*, 901 F.2d 782, 783 (9th Cir. 1990)). The citizenship law in effect at the time of Petitioner's birth in 1979 was the one enacted by § 301 of the Immigration and Nationality Act ("INA") of 1952, Pub. L. No. 82-414, 66 Stat. 163, 236, codified at 8 U.S.C. § 1401(a)(7) (1952). That section ("Former § 1401(a)(7)") conferred United States citizenship at birth on any

> person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States, who prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years.

Applying Former § 1401(a)(7) to this case, Petitioner must demonstrate by a preponderance of the evidence that Hector, a United States citizen and Petitioner's father, was physically present in the United States for ten years between January 18, 1949 (Hector's date of birth) and January 11, 1979 (Petitioner's date of birth), five years of which must have been after Hector's fourteenth birthday on January 18, 1963. *See id.* The Government argues that Petitioner fails to satisfy his burden because he lacks adequate

evidence. (*See* Doc. 47). The Court agrees.

In addition to documentary evidence, credible testimony and written declarations can provide a basis for a petitioner to establish a parent's physical presence in the United States. *See Vera-Villegas v. Immigration & Naturalization Serv.*, 330 F.3d 1222, 1225 (9th Cir. 2003). In support of his contention that Hector was physically present in the United States for ten years, at least five of which after he was fourteen years old, Petitioner presents testimonial evidence from Petitioner's mother, Maria Elena, and Petitioner's two uncles, Gerardo Castro Montijo and Oscar Castro Montijo. (*See* Docs. 52-1, 52-2).[3]

In reviewing Petitioner's testimonial evidence, the earliest date that "Hector could have first come to the United States" is 1965. (Doc. 51 at 6; ASOF ¶ 1). Furthermore, the longest time Hector ever stayed in the United States in a given year was "around seven or eight months." (*Id.*; ASOF ¶ 6). Even if the Court assumed that Hector spent eight months of every year in the United States from January 1965 until January 1979, Petitioner only shows that Hector was physically present in the United States for 113 months[4] instead of the statutory requirement of 10 years (or 120 months). The Court's estimate is the most favorable inference the Court can make given the testimonial evidence and it resolves all factual contradictions[5] in favor of Petitioner. Because

---

[3] The Government argues that the Court should not consider some of this evidence because it "lacks foundation in personal knowledge" and is "inadmissible hearsay." (Doc. 53 at 10). This Court has held that evidence that lacks foundation or contains hearsay statements is admissible "if offered in opposition to [a] motion [for summary judgment.]" *Quanta Indem. Co. v. Amberwood Dev., Inc.*, No. CV-11-01807-PHX-JAT, 2014 WL 1246144, at *2 (D. Ariz. Mar. 26, 2014). As a result, the Court overrules the Government's objection to the Court's review of Petitioner's evidence.

[4] The Court reaches this calculation by multiplying eight months by the fourteen years between 1965 and 1978 that Hector is assumed to have been physically present in the United States. The Court then adds one month for January 1979.

[5] In particular, the Court's estimate assumes Oscar's statement that Hector worked for eight months of the year in the United States (Doc. 52-1 at 26) to mean every year between 1965 (the year Gerardo estimated Hector first traveled to the United States (*id.* at 11)) and 1979. The Court makes this estimate despite Oscar noting that Hector did not begin working in the United States until 1968, (*see id.* at 25–26), and despite Maria Elena stating that Hector was only in the United States for two months during 1967 (ASOF ¶ 6; Doc. 52-2 at 8).

Petitioner has not provided any specific facts showing that Hector was physically present in the United States for 120 months prior to Petitioner's birth, Petitioner has raised no genuine issue for trial. Petitioner notes that "[u]nder a similar version of a derivative citizenship statute that requires a parent to have ten years' 'residence' rather than 'physical presence,' the Ninth Circuit Court of Appeals held that when the petitioner's father was physically present in the United States for nine months of the year . . . he satisfied the residency requirement." (*Id.* at 6–7) (citing *Alcarez-Garcia v. Ashcroft*, 293 F.3d 1155, 1157–58 (9th Cir. 2002)). As Petitioner notes, *Alcarez-Garcia* concerns the evidence necessary to establish *residence* rather than *physical presence* and, therefore, is not relevant to Petitioner's burden of establishing physical presence per Former § 1401(a)(7). As a result, Petitioner's derivative citizenship claim pursuant to Former § 1401(a)(7) fails as a matter of law.[6]

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** Petitioner is not a citizen of the United States by birth.

**IT IS ORDERED** granting the Government's Motion for Summary Judgment. (Doc. 47).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order with the Ninth Circuit Court of Appeals.

Dated this 5th day of August, 2014.

*James A. Teilborg*
Senior United States District Judge

---

[6] Because the Court concludes Petitioner has not presented any evidence from which a reasonable juror could find in his favor, the Court need not consider Petitioner's objections to the Government's evidence. (*See* Doc. 51 at 3–4).